THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION – ILLINOIS

| | |
|---|---|
| JOHN DOE and JANE DOE, individually and as Parents and as next of friends of James Doe, a minor,<br><br>Plaintiffs,<br><br>v.<br><br>SCHOOL DISTRICT U-46; SCHOOL DISTRICT U-46 BOARD OF EDUCATION; TONY SANDERS, individually, and as an agent of U-46; TERESA WINTERS, individually, and as an agent of U-46; JEFFREY PROWELL, individually, and as Director of Transportation for Defendant U-46 and agent of U-46; Unidentified School Bus Driver, individually, and as an agent of U-46; MAMIE CARTER, individually, and as U-46 SAFE Program Coordinator and agent of U-46; Unidentified U-46 SAFE Program employee, a/k/a Ms. Lenore, individually, and as an agent of U-46; NELLY GONZALEZ, a/k/a NELLY ROJAS, individually, and as an agent of U-46; STEVE JOHNSON, individually, and as an agent of U-46; GINA DAWKINS, individually, and as an agent of U-46; STUDENT OFFENDERS 1-4; and the PARENTS and/or GUARDIANS of Student Offenders 1-4;<br><br>Defendants. | Case No. 20-cv-04273<br><br>Hon. Judge Elaine E. Bucklo |

## **DEFENDANTS' FRCP 12(b)(5) MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

The Defendants, the Board of Education of School District U-46 ("District"), Tony Sanders, Teresa Winters, Jeffrey Prowell, Nelly Gonzalez, Steve Johnson, and Gina Dawkins (collectively, "District Defendants") by and through their attorneys, Franczek P.C., hereby move to dismiss Counts IV, X-XI, XVIII, XX, XXIV, XLIX-LXV of Plaintiffs' Complaint pursuant to

1

12(b)(5) of the Federal Rules of Civil Procedure. In support of this Motion to Dismiss, the District Defendants state as follows:

1. On July 21, 2020, Plaintiffs filed a 65-count Complaint, asserting violations of 42 U.S.C. § 1983 and Title IX, as well as claims for intentional and negligent torts. (Doc. 1.)

2. In addition to naming the District Defendants as defendants, the Complaint contains several counts that are directed against the following individual defendants: Unidentified School Bus Driver, Mamie Carter, Unidentified U-46 Safe Program Employee a/k/a Ms. Lenore, Student Offender 1, Student Offender 2, Student Offender 4, Parents and/or Guardians of Student Offender 1, Parents and/or Guardians of Student Offender 2, and Parents and/or Guardians of Student Offender 4.

3. On February 17, 2021, Counsel for the District Defendants filed their appearances. (Doc. 10, 12.) To date, the other defendants have not yet been served or appeared in this case. Further, on information and belief, Plaintiffs have made no attempt to serve these defendants.

4. On August 27, 2021, this Court granted the District Defendants' motion to dismiss in part, dismissing Counts I-III, V-IX, and XII-XV. The remaining counts against the District Defendants include those related to alleged willful and wanton conduct and vicarious liability (Counts XVI-XVII, XIX, XXI-XXIII, XXV-XLVIII). Additionally, 23 counts remain pending against the other defendants (Counts IV, X-XI, XVIII, XX, XXIV, XLIX-LXV) who have yet to be served.

5. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be made on a defendant within 90 days after the complaint is filed. If a defendant is not served within this time period, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). These service

requirements "encourage parties and their counsel to diligently pursue their cases and trigger a district court's ability to exercise jurisdiction over a defendant." *Cardenas v. City of Chicago*, 646 F.3d 1001, 1004 (7th Cir. 2011) (internal citations omitted).

6. Under Rule 4(m), courts will grant extensions of time only if the plaintiff can establish good cause for failure to serve in a timely manner. *Troxell v. Fedders of North America, Inc.*, 160 F.3d 381 (7th Cir. 1998) (affirming dismissal of complaint where the plaintiff effected service on defendant's agent more than 240 days after the complaint was filed). "Good cause" means a valid reason for delay, such as the defendant's evading service. *Coleman v. Milwaukee Board of School Directors*, 290 F.3d 932, 934 (7th Cir. 2002.)

7. A plaintiff cannot meet this burden if his efforts are "less than diligent." *Brooks v. Union Pacific Railroad*, No. 05 C 4982, 2006 WL 2853597 *1 (N.D. Ill. Oct. 2, 2006). Inadvertent failure to serve a defendant within the statutory period does not constitute good cause. *Geiger v. Allen*, 850 F.2d 330, 333 (7th Cir. 1988). Likewise, half-hearted efforts to serve a defendant will not excuse a plaintiff from adhering to the 90-day deadline. *Id.*

8. In *Brooks*, the plaintiff tried to effectuate service on a defendant police officer and his employer, Union Pacific, by serving only the employer. *Brooks,* 2006 WL 2853597, *2. Union Pacific accepted service on its own behalf but rejected the attempt to serve the officer. *Id*. Plaintiff made no other effort to serve the defendant officer for over one year. *Id.* The court, dismissing the action as to the defendant officer, held that the defendant was not "in any way difficult to find or serve," that plaintiff's efforts were "half-hearted," and that plaintiff "was obligated to pursue alternative methods of finding and serving the defendant." *Id*.

9. Similarly in *Cardenas,* the plaintiff tried to effectuate service on the City of Chicago and a defendant police officer only by serving the Chicago Police Department. *Cardenas,*

3

646 F.3d at 1003. Again, the City accepted service on its own behalf but rejected the attempt to serve the officer. Despite knowing that the summons for the police officer defendant was returned unserved, the plaintiffs undertook no service-related efforts until approximately 525 days after the complaint was filed. *Id.* at 1004. Relying on Rule 4(m), the Seventh Circuit upheld the circuit court's dismissal of claims against the police officer defendant pursuant to 12(b)(5). *Id.* at 1005-1006.

10. In this case, Plaintiffs cannot show good cause because, like in *Brooks* and *Cardenas,* Plaintiffs made only one attempt in over 670 days to serve the defendants and thereafter failed to pursue any alternative method of finding and serving them. During this period, Plaintiffs have not requested an extension of time to effectuate service and have not exercised diligence in performing service. Plaintiffs have not attempted to serve the other defendants through personal service or waiver of service of summons, and some of these defendants still have not been properly identified. Further, Plaintiffs will not otherwise be able to demonstrate that they have good cause for failing to effect timely service. Their efforts fall short of the diligent efforts contemplated and required by the Federal Rules. See *Cardenas,* 646 F.3d at 1006; *Brooks,* 2006 WL 2853597, *2. Accordingly, the counts directed against these defendants should be dismissed for Plaintiffs' failure to comply with Rule 4(m) of the Federal Rules of Civil Procedure.

11. While a dismissal for insufficiency of service is normally made without prejudice, Plaintiffs' claims against these defendants should be dismissed with prejudice because any refiled suit would be time-barred. *See Cardenas,* 646 F.3d at 1007-1008; *Conover v. Levin*, 87 F.3d 905, 908 (7th Cir. 1996); *Chico v. Miller*, No. 05 C 3101, 2005 WL 2664586, at *5-6 (N.D. Ill. Oct. 19, 2005).

12. The claims against these unserved defendants include willful and wanton conduct, negligence, assault, battery, intentional infliction of emotional distress, negligent infliction of emotional distress, and parental responsibility law. Given that the alleged conduct occurred on or before December 14, 2018, the statute of limitations has expired for these claims. See 745 ILCS 10/8-101(a), 735 ILCS 5/13-202, 720 ILCS 5/3-5(b). Because any refiling would be futile, dismissal of these counts with prejudice is appropriate.

WHEREFORE, for the reasons set forth herein, the District Defendants request that this Court dismiss Counts IV, X-XI, XVIII, XX, XXIV, XLIX-LXV of Plaintiffs' Complaint with prejudice.

Respectfully submitted,

SCHOOL DISTRICT U-46 et al., Defendant

By: /s/ Erin K Walsh - 6313323
      One of Its Attorneys

Michael J. Hernandez (mjh@franczek.com)
Erin K. Walsh (ekw@franczek.com)
Caroline K. Kane (ckk@franczek.com)
Franczek P.C.
300 S. Wacker Dr., Suite 3400
Chicago, Illinois 60606
(312) 986-0300

Date: May 27, 2022

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that she caused a true and correct copy of the foregoing **DEFENDANTS' FRCP 12(b)(5) MOTION TO DISMISS PLAINTIFFS' COMPLAINT** to be filed with the Clerk of the Court by using the CM/ECF system on this 27th day of May, 2022, which will electronically send notification to the following counsel of record:

> John Andrew Busch (jbusch@bruninglaw.com)
> Theodore M. Gross (tgross@bruninglaw.com)
> Kevin W. Bruning (kbruning@bruninglaw.com)
> Andre Ordeanu (aordeanu@bruninglaw.com)
> Nathan Reyes (nreyes@bruninglaw.com)
> BRUNING & ASSOCIATES, P.C.
> 1990 E. Algonquin Road
> Suite 240
> Schaumburg, IL 60173

/s/ Erin K. Walsh – 6313323
ekw@franczek.com